40 So.2d 101

## SANDERSON v. GABRIEL et al.

### 3 Div. 530.

Supreme Court of Alabama.
April 21, 1949.

See also, 246 Ala. 493, 21 So.2d 256.

L. A. Sanderson, of Montgomery, for appellant.

Hill, Hill, Stovall & Carter and Rushton, Stakely & Johnston, all of Montgomery, for appellees.

FOSTER, Justice.

This is an appeal by the guardian ad litem from a final decree declaring the effect of a power exercised by the trustee in the matter of the estate of Selma C. Kaufman, and approving certain proposed distributions. The case was here on a former appeal, 246 Ala. 493, 21 So.2d 256, 262, in which this Court made the following declaration:

"The decree of the circuit court is modified so that it will not be final but interlocutory, and so that its effect will be held in suspense until the circuit court shall upon application find that on account of war conditions Jews residing in Germany may voluntarily remove from there or have free communication with residents of this Country, and shall then make an order that the foreign legatees shall have six months thereafter to appear in that court and be heard on the matters proper for judicial consideration as we have hereinabove stated, or, in default, that the decree heretofore entered shall be made final and effective.

"The court shall at that time cause such notice to be given them of their right to appear and contest the matter to be determined as may be available according to equity rules."

The decree from which the present appeal is prosecuted, quoted that feature of our opinion, and found and declared:

"Thereafter, and on the 9th day of June, 1948, the said The First National Bank of Montgomery, as such executor and trustee, under the will of Selma C. Kaufman, deceased, filed in this cause and in this court its application setting forth that at the time of the filing of said application, that is, the 9th day of June, 1948, Jews residing in Germany could voluntarily remove from there or have free communication with residents of this Country, which said application prayed that an order be issued that said non-resident beneficiaries, towit: Minna (Speier) Steigerwald, Malwine (Speier) Hartman and Willie Kaufman, shall have six months from the filing of said application to appear in this court and be heard on any matters proper for judicial consideration, or in default, that the decree heretofore entered shall be made final and effective; and further praying that notice of said petition be given to Minna (Speier) Steigerwald, Malwine (Speier) Hartman and Willie Kaufman of their right to appear and contest the matter to be determined, and to Leo T. Crowley, Alien Property Custodian of the United States of America, said notice to be served as provided by the rules of this honorable court. Said application was duly filed on the 9th day of June, 1948, and the same was set for hearing by decree of said court dated June 9th, 1948, on the 14th day of December, 1948, at 10:00 A. M. Said order directed that notice of the time and place of said hearing be given by registered mail to Minna (Speier) Steigerwald, Malwine (Speier) Hartman and Willie Kaufman, and to the Alien Property Division of the Department of Justice of the United States of America, to show cause, if any they have, why the former decree of this court, rendered on June 23rd, 1944, should not be made final, and further that notice of the time and place of said hearing be given to said parties by publication once a week for three consecutive weeks in The Montgomery Advertiser, a newspaper of general circulation published in Montgomery County, Alabama, prior to said hearing.

"This being the date set by said order of June 9, 1948, for the hearing of said application filed by said The First National Bank of Montgomery, as such executor and trustee, and the same coming on to be heard on this date, is submitted for final decree upon said application, the answer of the guardian ad litem, and all of the pleadings in said cause, the notices to said foreign beneficiaries and, also, upon the testimony of witnesses taken orally before the court, as shown by the note of submission; and, upon consideration thereof, the court is of the opinion and finds from the evidence that said foreign legatees, Minna (Speier) Steigerwald, Malwine (Speier) Hartman, and Willie Kaufman were residents of Frankfurt, Germany, which is within the American zone of occupation in Germany, and that on account of war conditions Jews residing in that portion of Germany could voluntarily remove from there or have free communication with residents of this Country as of June 9, 1948, the time of the filing of said application, and at all times, since that date; that notice of the filing of said application and of the date to hear same was given to said parties in all respects as provided by law and the rules of this court, and as provided in the order of this court dated June 9, 1948; and, further, that said foreign legatees, Minna (Speier) Steigerwald, Malwine (Speir) Hartman and Willie Kaufman, have had six months from and since the 9th day of June, 1948, within which to appear in said court and be heard on the matters proper for judicial consideration, and that they have failed to appear in said court within said period, and that by their default the decree heretofore entered on, towit: the 23rd day of June, 1944, should be made final and effective; it is therefore

"Ordered, adjudged and decree by the court:

"1. That The First National Bank of Montgomery, as executor and as trustee of the last will and testament of Selma C. Kaufman, deceased, is entitled to the relief prayed for in said application filed in this court on the 9th day of June, 1948.

"2. That, as of June 9, 1948, and at all times since said date, on account of war conditions Jews residing in Frankfurt, Germany, which is within the American zone of occupation in Germany, could voluntarily remove from there or have free communication with residents of this Country.

"3. That said foreign legatees, towit: Minna (Speier) Steigerwald, Malwine (Speier) Hartman and Willie Kaufman, have had six months from and after said 9th day of June, 1948, within which to appear in this court and be heard on the matters proper for judicial consideration, as stated in the opinion and decree of the Supreme Court of Alabama rendered in said cause on heretofore the 18th day of January, 1945, and that after notice was given in all respects as provided by the rules of this court and, also, in said order of this court dated June 9, 1948, said foreign legatees have failed to appear in said court.

"4. That the decree of this court rendered on heretofore the 23rd day of June, 1944, shall be and the same is hereby made final and effective, and the said The First National Bank of Montgomery, as such executor and trustee, is hereby ordered and directed to make distribution of said trust estate forthwith to the said Alma Gabriel and Carolyn Fried, equally, after the payment of the expenses of administration of said estate and after payment of the costs incurred in this proceedings, including a guardian ad litem fee in the sum of $250.00, to Honorable L. A. Sanderson for his services as such guardian ad litem.

"5. That, upon the filing with the register of receipts from the above mentioned distributors, and upon payment of said costs, said The First National Bank of Montgomery shall stand discharged of any and all further liability and responsibility in connection with the administration of said estate."

It is our view that the course which we outlined has been pursued, that due process has been observed, and that the expressed conclusion of the trustee was exercised in good faith.

It is therefore ordered and adjudged that the decree of the trial court be and it is in all things affirmed.

Affirmed.

LIVINGSTON, LAWSON, and SIMPSON, JJ., concur.